Peaeson, J.
 

 When this case was before us at December Term, 1853,1 Jones, 145, it was upon the appeal of the plaintiff for error in the charge as to the question of fraud, and
 
 *34
 
 having come to the conclusion, that the plaintiff was entitled to a
 
 venire de novo,
 
 we might have stopped. Indeed, it was a departure from our general rule, to notice the exceptions taken by the defendant on the ground of variance, because it was not called for, and cases are not supposed to be made up with a view of presenting any points not embraced by the exceptions of the appellant. But the case, as made up, went out of the way to state the ground of the alleged variance, and as it seemed to us there was no difficulty in regard to the question, we expressed in very general terms, an opinion, that “the variances were immaterial.” We, of course, did not intend that intimation to be conclusive, and expressed it in general terms, so as to leave the defendant at liberty to bring up the question directly, if the result of the new trial was unfavorable to him, and his counsel adhered to the opinion that there was a fatal variance. The case now presents one of the questions. It is this: The declaration states that the defendants sold to the plaintiff a piece of ground on Croatan Sound, having a sein hole annexed, in which a sein had been usually hauled to the beach in said close,
 
 “
 
 at and for a certain sum of money, to wit, the sum of twenty-five hundred dollars,” and it alleges that the defendants falsely represented to the plaintiff, that there were only seven stumps in the sein ground, whereas in fact, there were two thousand stumps, and this fact was well known to the defendants: By means of which false representations, the defendants cheated and deceived the plaintiff in making the sale aforesaid to his damage $800. The evidence was that the price given was $3,000. The defendant insisted that this variance was fatal — his Honor was of opinion, that the variance was immaterial: For this the defendant excepts. There is no error.
 

 It is a general rule of pleading that “ time, quantity and value must be stated.” This is required to give certainty to the statements in pleading, and is usually a mere matter of form. It is proper to state these circumstances, under what is termed a “ videlicet,” as in our case, and they need not be
 
 *35
 
 proven as laid : because they are no part of the substance of the cause of action, and the statement is required merely to avoid too much generality. Thus a statement, that the defendant
 
 heretofore
 
 sold to the plaintiff a tract of land for a
 
 large sum of
 
 money, is too general: and the rule as to certainty in pleading requires that some time and some amount should be stated, but one time, or one sum, will answer as well as another; and if stated under a videlicet, these circumstances need not be proven as laid : indeed, if a traverse is taken so as to depend on them, it will be “ too narrow,” and a
 
 re-pleader
 
 will be directed.
 

 A very familiar instance of the immateriality of the statement of time, occurs in bills of indictment. If an indictment charges that the defendant committed an assault on the 1st of January, proof that he committed the assault on the 2nd of January, will bo sufficient; because it makes no sort of difference whether it was committed on the one day or the other : and although a charge that the defendant
 
 heretofore
 
 committed an assault is too general, and some day must be stated, yet proof of the commission of the offense at any time prior to the finding of the bill will suffice: so if an indictment charges that the defendant stole
 
 one
 
 hog, it is no fatal variance, although the proof be that he stole
 
 six
 
 hogs; for the gist of the offense is the commission of the larceny.
 

 An exception is made to this general rule, whenever either of these circumstances constitutes a part of the description of the thing, or matter for which suit is brought, or enters into and forms a part of the substance of the cause of action. The reason of this is obvious: by way of illustration; a declaration in debt describes the note by stating its date and amount; the proof must correspond with the statement, for otherwise the suit would be for one debt and the judgment for another: so a declaration in a
 
 gwi tom
 
 action for usury sets out the
 
 clary
 
 when the money was lent and the amoirnt, for the purpose of showing the rate of interest: a variance in the proof, either as to the time or the sum, would be fatal; because the gist of the action is the unlawful rate of interest taken, and these cir
 
 *36
 
 cumstances form a part of the substance of the cause of action, and show that the rate exceeded that of six per cent, per annum.
 

 There is no difficulty in regard to the general rule and the exception ; so our question depends merely upon making the application. In this there is as little difficulty. The
 
 gravamen
 
 of the action is the deceit practiced by the defendants: the price given for the fishery is a collateral circumstance, and it was only necessary to state it by way of inducement, for the purpose of showing a consideration so as to make the contract valid; for this purpose ten dollars would answer as well as ten thousand, and in regard to the deceit, which is the gist of the action, it makes no manner of difference whether the price paid was $2,500, or $3,000. It is not until the cause of action has been made out and it remains merely to assess the damages, that the price paid comes up for consideration, when it has no connection with the declaration or other pleadings, and presents itself simply as evidence bearing on the question of damages.
 

 Per CuniAM. Judgment affirmed.-